873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome E. TAYLOR, Sr., Claimant-Appellant,
and
28.47 Acres of Land, More or less, in Buckingham County, on
Virginia State Route 646, Mount Rush, Virginia, and
appurtenances thereto and proceeds from the sale thereof and
known as the residence of Jerome E. Taylor, Sr., Defendant.
 No. 88-7840.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided April 28, 1989.
 
 Jerome E. Taylor, Sr., appellant pro se.
 Richard Wilcox Pierce, Office of the United States Attorney, for appellee.
 Before K.K. HALL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The government brought this action pursuant to 21 U.S.C. Sec. 881(a)(1) seeking forfeiture of land owned by Jerome E. Taylor. The complaint and a supporting affidavit were sent to Taylor by certified mail; however, he failed to file an answer. The government filed a motion for default judgment, and the motion was granted.
 
 
 2
 Taylor appealed the default judgment. He asserted first that the complaint did not state any material fact. To the contrary, the complaint contained all of the factual allegations required for forfeiture under Sec. 881(a)(6). Taylor further contended that the supporting affidavit was based on hearsay; this is irrelevant to the default. Finally, Taylor contended that he had been denied effective assistance of counsel. However, as this is a civil action, the Constitution does not guarantee counsel.
 
 
 3
 The district court's order is accordingly affirmed. The appellee's motion to dismiss is denied.* We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The ground for dismissal asserted by the government was that Taylor had entered into a plea agreement on state charges in which he agreed not to contest or appeal any forfeiture action brought by the federal government. Because of our disposition, it is not necessary to decide whether the plea agreement is enforceable by the government even though it is not a party to the agreement